CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
AUG 2 3 2007
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JOSE NUNEZ-CARO, <br> Petitioner, | Civil Action No. 7:07CV00207 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, <br> Respondent. | By: Hon. Jackson L. Kiser <br> Senior U.S. District Judge |

Petitioner Jose Nunez-Caro ("Nunez"), a federal inmate proceeding pro se, brings this action as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Nunez alleges that his counsel provided him with ineffective assistance during the sentencing proceedings.[1] On June 27, 2007, Respondent filed a Motion to Dismiss. The court notified Nunez of Respondent's Motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and advised him that his failure to reply could result in summary judgment being granted for Respondent. Twenty days have passed and Nunez has not responded, thus making the underlying matter ripe for disposition. Upon review of the submissions of the parties and the underlying criminal record, Case No. 4:04CR70059, I find that Nunez waived his claims in his plea agreement. Accordingly, I find that Respondent's Motion to Dismiss must be granted.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 4, 2004, pursuant to a written plea agreement, Nunez pleaded guilty to one count of conspiracy to distribute more than 100 kilograms of marijuana and more than 500 grams of cocaine powder in violation of 21 U.S.C. § 846. On December 20, 2004, I conducted a sentencing

---

[1] Specifically, Nunez claims that his attorney rendered ineffective assistance of counsel by failing to raise several issues that would have warranted a downward departure at sentencing. These issues include: a) Nunez's family's medical conditions and financial hardship; b) his status as a deportable alien; c) the possibility of a sentence below the guideline range; and d) whether his status as a legal immigrant prior to incarceration could have been restored in light of Lopez v. Gonzalez, 127 S. Ct. 625 (2006). (Pet'r Mot. Vacate 1).

hearing. Based on Nunez's Total Offense Level of 25 and a Criminal History Category of I, the Sentencing Guidelines range for Nunez was 57-71 months imprisonment. Nunez was sentenced to 57 months imprisonment, followed by a term of 36 months supervised release. Nunez did not file a direct appeal following his conviction. He filed the current § 2255 petition on April 23, 2007.

## II. STANDARD OF REVIEW

To state a claim for relief under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 (2006). Nunez bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998); Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

## III. ANALYSIS

### A. Waiver Issue

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Waivers of collateral review are analyzed under a two-part analysis in which both the validity and the scope of the waiver are considered. See, e.g., United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994) (holding that a waiver will be enforced if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver). The validity of a waiver "depends on whether the defendant knowingly and intelligently

2

agreed to waive the right." Id. at 731-32. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22; see also United States v. Brown, 232 F.3d 399, 405-06 (4th Cir. 2000) (holding that a defendant's statements during the plea colloquy and evidence that he discussed the terms of the waiver provision with counsel and fully understood them provide powerful evidence that the waiver is valid). If the court determines that a petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. Lemaster, 403 F.3d at 220 (internal quotations and citations omitted). Although the validity determination is often made based on the "adequacy of the plea colloquy–specifically, whether the district court questioned the defendant about the . . . waiver–the issue ultimately is 'evaluated by reference to the totality of the circumstances.'" United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (quoting United States v. General, 278 F.3d 389, 400 (4th Cir. 2002)). Thus, the determination "'must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" Id. (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)).

That does not end the inquiry, however. The court must also consider the scope of the plea agreement waiver: that is, whether it prevents the court from considering the particular claims the defendant asserts in his § 2255 motion. The United States Court of Appeals for the Fourth Circuit has distinguished a narrow class of claims that fall outside the scope of an enforceable waiver of direct appeal rights: (1) claims that the sentence exceeds the maximum statutory penalty, (2) claims

3

that the sentence rests on a constitutionally impermissible factor such as race, or (3) claims that the defendant was deprived of the assistance of counsel at a proceeding after the entry of the waiver, such as at sentencing.[2] Attar, 38 F.3d at 732; United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); see also Blick, 408 F.3d at 169. Thus, in addition to evaluating the validity of Nunez's guilty plea and waiver of § 2255 rights, the court must determine whether each of his § 2255 claims falls within the scope of that waiver.

Here, the record fully establishes that Nunez knowingly and intelligently entered a valid guilty plea and waived his right to collaterally attack his sentence, including any proceeding brought under § 2255. In his plea agreement, Nunez specifically agreed to "waive [his] right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon [him] by the Court." (Resp't Attach. 4, Plea Agreement 7). The language and meaning of the § 2255 waiver is clear and unmistakable, and both Nunez and his attorney represented by their signatures on the plea agreement that Nunez had been fully advised of, and understood, its terms. Nunez further waived "any claim that I may have for ineffective assistance of counsel known and not raised by me with the Court at the time of sentencing." (Resp't Attach. 4, Plea Agreement 10). Additionally, Nunez does not dispute that he read and understood the collateral attack waiver provision or that the waiver provision of that agreement is invalid. In fact, he includes the very paragraph at issue in his original § 2255 Motion. See (Pet'r Mot. Vacate 4).

Moreover, pursuant to Federal Rule of Criminal Procedure 11, before accepting the guilty plea, I engaged in a lengthy colloquy with Nunez. During the plea colloquy, which was translated

---

[2] In Lemaster, the court implicitly acknowledged that these discrete claims would also be considered outside the scope of a valid plea agreement waiver of § 2255 rights. 403 F.3d at 220 n.2.

4

by an interpreter, Nunez indicated to the court that he was twenty-four years old, that he had completed a high school education, and that he was not under the influence of alcohol or of any drug that hampered his ability to understand the courtroom proceedings. The court reviewed with Nunez the constitutional rights he forfeited by pleading guilty and Nunez indicated that he understood the rights he was giving up. The court specifically questioned Nunez about his understanding of the plea agreement. The court asked Nunez whether he had read and understood the plea agreement to which Nunez gave an affirmative answer. Nunez affirmed that the plea agreement had been "read to [him] in Spanish." (Plea Hr'g Tr. 24). The court also specifically questioned Nunez regarding the waiver provision of the plea agreement relating to his right to collaterally attack his sentence and conviction, and Nunez attested that he understood that he waived that right. Nunez affirmed that he had been given ample opportunity to discuss the case with his attorney and that he was fully satisfied with the counsel, representation, and advice given by his attorney in the matter. He denied that anyone had made any promise to him, outside the provisions of the plea agreement, or otherwise induced him to plead guilty. I determined, after conducting the plea colloquy, that Nunez's plea was knowing and voluntary. See (Plea Hr'g Tr. 22-25). Therefore, I find that Nunez's representations at the plea colloquy support a finding that the waivers in the written plea agreement were knowingly and voluntarily made. Accordingly, I conclude that Nunez's waiver of his right to bring a collateral attack under 28 U.S.C. § 2255 is valid and enforceable.

Finding that the waiver is valid, I must now determine whether Nunez's claims are included within the scope of the waiver. After reviewing the record, I find that none of the factors that the Fourth Circuit applied in Attar are applicable here. See Attar, 38 F.3d at 732-33. Nunez does not claim that his sentence of 57 months exceeded the statutory maximum for the charges for which he

5

was convicted nor does he allege that his sentence was premised on any constitutionally impermissible factors. A claim of ineffective assistance of counsel at sentencing proceedings only falls outside the scope of the collateral attack waiver if the defendant has been completely deprived of counsel. Attar, 38 F.3d at 732-33. Claims that counsel was ineffective in failing to move for a downward departure do not suggest that the defendant was wholly deprived of counsel and, thus, such claims do not fall outside the scope of the collateral attack waiver. See Lemaster, 403 F.3d at 219-20 (finding that because defendant knowingly and voluntarily waived his right to appeal and collaterally attack his conviction, his claims that counsel was ineffective by failing to object to the PSR and in failing to move for a downward departure were precluded from federal review). Therefore, Nunez's claims fall within the scope of the plea agreement waiver, and are, therefore, not cognizable claims for post conviction relief in a motion brought pursuant to 28 U.S.C. § 2255. Accordingly, I will grant Respondent's Motion to Dismiss and deny Nunez's petition for relief pursuant to 28 U.S.C. § 2255.

The Clerk of the Court is directed to send copies of this Memorandum Opinion and accompanying Order to Petitioner and counsel of record for Respondent.

ENTER: This 23rd day of Aug., 2007.

*/s/ Jackson L. Kiser*
Senior U.S. District Judge